**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JORGE ROSALES,

              Plaintiff-Appellant,

v.

BELLAGIO, LLC,

              Defendant-Appellee.

No. 21-15465

D.C. No.
2:17-cv-03117-JCM-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 27, 2022[**]
San Francisco, California

Before: S.R. THOMAS, SCHROEDER, and BUMATAY, Circuit Judges.

Jorge Rosales appeals the district court's order granting summary judgment

in favor of Bellagio on Rosales's Americans with Disability Act (ADA) claim for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to accommodate his disability while employed as a room service food server.

When his case was previously before this panel, we remanded for the district court to reconsider the case under the correct standard.  *See Rosales v. Bellagio, LLC*, 811 F. App'x 438 (9th Cir. 2020).  The district court again granted summary judgment and Rosales again appeals.

The district court ruled that Rosales could not perform the essential functions of the job.  On appeal, Rosales contends that there are triable issues of fact and that Bellagio did not establish that he could not perform the essential functions of his employment.

While much is disputed, some things are clear.  The room service job arguably involves three types of duties. Hospitality duties require heavy lifting and assembly of tables, equipment, and large quantities of food and beverage service items such as plates and glasses.  Rosales agrees that he is not able to do hospitality work.  He maintains, however, that such work is not an essential function, because he can opt out of it.

A second category of duties involves assembly and delivery of ordinary room  service orders.  To the extent these duties involve pushing a table from the kitchen to the room, Rosales apparently can perform them.  To the extent they

2

involve lifting anything heavier than 36 pounds (the weight of an unloaded hot box) or carrying anything heavier than a gallon of milk, Rosales cannot perform the duties.

The third catch-all category, called "side work," is composed of everything else that needs to be done, ranging from cleaning the kitchen to restocking the pantry. Rosales maintains that not all side work duties are essential and claims that he could do *enough* of the side work duties that he could do the essential aspects of side work. Rosales's restrictions include, in addition to those on lifting and carrying, no repetitive neck movements. Rosales conceded that working as a room service worker requires a lot of neck movement, and that even if he was allowed to do only light work, he might injure his neck. Thus, even if not *all* of the side work tasks are essential, as he contends, the inability to do repetitive neck movements prevents him from doing even those side work duties that he concedes are essential. *See Dark v. Curry Cnty.*, 451 F.3d 1078, 1089 (9th Cir. 2006) ("The ADA does not require an employer to exempt an employee from performing essential functions.").

Given Rosales' restrictions, he cannot perform enough of the side work tasks that are essential to performing the job, and thus, is not a "qualified individual" under the ADA.

**AFFIRMED.**

3